LESTERSHIRE LUMBER & BOX CO. v. W. M. RITTER LUMBER CO.

(Circuit Court, N. D. New York. March 29, 1906.)

SALES—CONSTRUCTION—BREACH—DEFENSES.

    Plaintiff, on February 18, 1901, directed defendant's predecessor to enter an order for two million feet of shipping cull poplar, equal in character to a sample car, requiring that the stock be dry and in condition to work on arrival, specified the price, and directed delivery at L. This order was accepted, and on January 2, 1902, plaintiff wrote defendant to enter an order for 4,000,000 feet "same grade as furnished during 1901, and in accordance with our contract dated February 18, 1901," also requiring the stock to be dry and specifying delivery at E. or L., as plaintiff should direct, at a higher price than that paid under

the previous contract. This order was also accepted. *Held*, that such orders constituted separate contracts so that plaintiff's failure to promptly pay for lumber shipped under the earlier contract did not relieve defendant from liability for failure to ship lumber under the second.

Motion for Judgment by Plaintiff on Report of Referee, and Motion by Defendant for a New Trial on Exceptions to Such Report.

Carver, Deyo & Hitchcock, for plaintiff.
Kernan & Kernan, for defendant.

RAY, District Judge. Prior to January 12, 1901, there were negotiations between the plaintiff and one Ritter, the predecessor in business of the defendant, for the purchase of a quantity of shipping cull poplar for the purpose of making boxes. January 12, 1901, plaintiff asked for a shipment of a sample car of such lumber, and this sample car was sent January 17, 1901, at the agreed price of $16.50 per thousand delivered at Lestershire, N. Y. Same was received by the plaintiff about February 11, 1901, and paid for in cash less a discount of 2 per cent.

February 18, 1901, the plaintiff sent to said Ritter a written order reading as follows:

"Lestershire. N. Y., Feby. 18, 1901.

"Messrs. W. M. Ritter, Columbus, Ohio—Dear Sir: You may enter our order two million feet of shipping cull poplar which is to be equal in quality to sample car covered by your invoice of Jan. 17, 1901, Car. 754. It is understood that this stock will be dry and in condition to work on arrival. Shipments are to be made during the year 1901 and 2 as we direct, and all is to be taken on or before March 1st, 1902. Price $16.50 per M. f. o. b. here via Erie del'y.

"Yours truly, Lestershire Lumber & Box Co."

This order was received and accepted February 21, 1901. It was agreed that each car load of lumber was to be paid for in cash within 10 days after its arrival and acceptance. There was some trouble between the parties in regard to this lumber, its dryness and payments therefor, but nothing I think that has any particular bearing on the questions involved in this action. There was a suit in this court growing out of that transaction and the transaction succeeding and relating thereto, and such action resulted in a finding by the referee that the W. M. Ritter Lumber Company, plaintiff there, was entitled to recover of the defendant, Lestershire Lumber & Box Company, plaintiff here, the sum of $8,299.66, the balance of the purchase price of the lumber delivered under that contract. The report of the referee in that case has been confirmed, the exceptions overruled, and judgment accordingly directed.

On or prior to January 2, 1902, the plaintiff herein, the Lestershire Lumber & Box Company, gave to the defendant, the W. M. Ritter Lumber Company, which had succeeded said W. M. Ritter, a written order for lumber reading as follows:

"Lestershire, N. Y., Jan. 2, 1902.

"W. M. Ritter Lumber Co., Columbus, Ohio.—Gentlemen: You may enter our order for (four million feet) of shipping cull poplar, of same grading as that furnished us by you during the year nineteen hundred and one, and

in accordance with our contract dated Feb. 18, 1901. It is understood that this stock will be dry and in condition to work, on arrival. Shipments are to be made during the year nineteen hundred and two, as we direct, and all of the four million feet is to be taken on or before Jan. 1, 1903. It is also understood that you will deliver this stock by way of the Erie Railway at Endicott or Lestershire as we may direct, and that the price will be (seventeen dollars) per thousand feet, delivered at either of the points named.

"Very truly yours, Lestershire Lumber & Box Co.,

"By M. S. Squires."

This order was accepted by the defendant in writing. It would seem from the evidence that, owing to the controversy between the parties in relation to the other lumber referred to, no direction to ship under this contract of January 2, 1902, was given, until about September 19, 1902; but, however that may be, on the 19th day of September, 1902, the plaintiff herein directed the defendant to ship, to it, at Lestershire, N. Y., until further notice, five cars per week of the lumber contracted for under the order of January 2, 1902. The defendant neglected and omitted to ship the lumber. November 12, 1902, the plaintiff herein directed the defendant to ship the lumber contracted for under the order of January 2, 1902, forthwith to the plaintiff at Lestershire, N. Y. This the defendant neglected and omitted to do, and neglected and refused to deliver the lumber called for by said order. It seems from the evidence that the defendant here, the W. M. Ritter Lumber Company, based its alleged right to refuse to deliver this lumber, under the contract of January 2, 1902, on the claim that the order and acceptance of January 2, 1902, was but a mere continuation or extension of the order and contract of February 18, 1901, and that, inasmuch as the Lestershire Lumber & Box Company had not paid for the lumber ordered and received under the prior contract, it was justified in refusing to send more lumber; that is, the lumber under the order of January 2, 1902.

The question, therefore, resolves itself into this: Was the order and acceptance of January 2, 1902, in fact a part of, or a continuation of, the contract of February 18, 1901? Was there any such relation between the two as would justify the defendant, W. M. Ritter Lumber Company, in refusing to perform the agreement of January 2, 1902, because the plaintiff here, Lestershire Lumber & Box Company, had failed to comply with the agreement of February 18, 1901: If they were separate and independent contracts, it is clear, I think, that the failure of the plaintiff here to comply with its former contract did not justify the defendant here in failing to comply with its subsequent contract; that is, the one of January 2, 1902.

It will be observed that the order of January 2, 1902, makes no reference to the order of February 18, 1901, except that it refers to that order for the purpose of determining the grading of the lumber. The order of January 2, 1902, expressly states that the stock is to be dry and in condition to work on arrival. This condition was in the prior contract. Each states independently of the other the time when shipments are to be made and the time before which all is to be taken. The contract of February 18th provides for a delivery at Lestershire only, while the contract of January 2d provides for a

delivery at either Endicott or Lestershire. The price of the lumber under the contract of February 18th was $16.50 per thousand, while the price of the lumber to be delivered under the order or contract of January 2d was $17 per thousand feet. There is no statement in the contract or order of January 2d to the effect that there is any understanding or agreement that the W. M. Ritter Lumber Company has agreed or undertaken to ship or sell any further lumber than that mentioned in the agreement or order of February 18, 1901.

The only reference in the order of January 2d to the order of February 18, 1901, is in the following language:

"You may enter our order for four million feet of shipping cull poplar of same grading as that furnished us by you during the year nineteen hundred and one and in accordance with our contract dated Feb. 18, 1901."

It cannot be reasonably contended that the words "and in accordance with our contract dated February 18, 1901," refer to anything more than the grade of the lumber to be furnished under the order. These words have no reference to any contract made February 18, 1901, to deliver a further quantity of lumber.

The defendant here, W. M. Ritter Lumber Company, contends that the whole conduct and course of dealing of the parties shows that the order of January 2, 1902, was to be, and was, treated as a continuation of or extension of the contract of February 18, 1901. I do not think the evidence sustains this contention, but the contrary. Taking some parts of the evidence, this, might be the conclusion, but, taking it all together, I think the referee was right in holding that this contention of the defendant here is not sustained.

I find no error, and the exceptions to the report of the referee are overruled, and the motion for a new trial is denied, and the motion for judgment is granted.

Judgment for the plaintiff in accordance with the report of the referee is directed.